Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 6859 | **DATE** | 6/19/2002 |
| **CASE TITLE** | Ozinga Chicago Ready Mix etc. Vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's emergency motion for a temporary restraining order and preliminary injunction is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 20 2002 | 54 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 02 JUN 19 PM 4:22 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OZINGA CHICAGO READY MIX )
CONCRETE, INC., d/b/a OZINGA )
CHICAGO RMC, INC., )
)
      Plaintiff, )
)
vs. ) No. 96 C 6859
)
CITY OF CHICAGO, a municipal )
corporation, )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

For six years, in case no. 96 C 1122, the Builders Association of Greater Chicago (BAGC) has been pursuing its claim against the City of Chicago that the City's Minority/Women Business Enterprise Procurement Program (MBE/WBE Program) is unconstitutional. Shortly after that case was filed, plaintiff here (Ozinga) filed this action, also attacking the Program, and it was transferred to this court as related to case no. 96 C 1122. The BAGC case got off to a slow start because of the pendency of another BAGC case, that one against Cook County, before Judge Grady. Ultimately, following Judge Grady's ruling in the Cook County case, attention focused on the BAGC case against the City, and that case has been progressing, with the close of discovery rapidly approaching. In the meantime, this action largely drifted in the wake of the BAGC case against the City.

This case took on a life of its own this spring. The City has a Target Market Program as part of its MBE/WBE Program. Ozinga, who has a long history of supplying ready-mix to the City, can bid for the City business in the North and Central sections of the City, but the

South section, below 55th Street, is reserved for MBE/WBE contract suppliers. Ozinga seeks a preliminary injunction against being excluded from the South section. That invokes the sliding scale analysis described in Ty, Inc. v. Jones Group, Inc., 237 F.3d 891, 895-896 (7th Cir. 2001). We have no doubt that Ozinga has more than some likelihood of success. Set-aside programs have not faired well in the courts. *See* City of Richmond v. J.A. Croson Co., 488 U.S. 469 (1989); Builders Association of Greater Chicago v. County of Cook, 256 F.3d 642 (7th Cir. 2001); *"What a Difference a Decade Makes: Judicial Response to State and Local Minority Business Set-Asides Ten Years after City of Richmond v. J. A. Croson,"* 25 S.Ill. U.L.J. 39 (2000). We are reluctant, however, to get deeply involved with the merits when those matters are still subject to discovery and are affected by threshold issues, such as Daubert attacks on the City's experts and the relevance of post-enactment evidence, that have yet to be fully briefed and decided.

And we should be reluctant to grant preliminary relief upon an abbreviated record when the showing of irreparable harm is marginal. Northeastern Florida Chapter v. Jacksonville, Fla., 896 F,2d 1283 (11th Cir. 1990).[1] Ozinga has a track record. It has submitted a bid, the lowest bid we are told. It knows its costs. It is clearly qualified. It has been a supplier of ready-mix concrete to the City for years. As Ozinga points out, various courts have granted preliminary relief for improper restrictions on the opportunity to bid on governmental contracts – and others have not. *See* Advanced Seal Technology, Inc. v. Perry, 873 F.Supp. 1144 (N.D. Ill. 1995). Here Ozinga predicts that it will have to cut back operations if it loses the South section business (assuming, of course, that those resources cannot be diverted to the

---

[1] The ultimate outcome of this case was a reversal, on a different legal issue, of the Eleventh Circuit, 508 U.S. 656 (1993), but we think the invocation of judicial caution is sound.

private market). But that is the inevitable result of any loss of business. We believe that Ozinga's financial losses can be quantified and compensated. They do not threaten the solvency of the business. The City, by urging that relief be denied because there is no irreparable harm, has thereby indicated that Ozinga can establish any losses, and it accepts that risk. In those circumstances we conclude that the BAGC case should run its course and that a preliminary injunction should not issue in this case. *See* <u>Praefke Auto Electric & Battery Co., Inc. v. Tecumseh Products Co., Inc.</u>, 255 F.3d 460 (7th Cir. 2001); <u>Flower Cab Co. v. Petitte</u>, 685 F.2d 192 (7th Cir. 1982).

JAMES B. MORAN
Senior Judge, U. S. District Court

June 19, 2002.